**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GALAESO CARDONA HINOJOSA<br>and MARIA CARDONA,<br>on behalf of plaintiffs and the class<br>members described below, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 1:19-cv-02521 |
| | ) | |
| LINEBARGER GOGGAN BLAIR &<br>SAMPSON, LLP, and<br>THE CITY OF CHICAGO, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT – CLASS ACTION

1.      Plaintiffs Galaeso Cardona Hinojosa  and Maria Cardona bring this action to secure redress from unlawful credit and collection practices engaged in by defendant Linebarger Goggan Blair & Sampson, LLP ("LGB&S") on behalf of defendant City of Chicago.  Plaintiffs complain that defendants collect time-barred alleged water bills through deception.

2.      Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and state law.

3.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).

5.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes

-1-

the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

6.      The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

7.      Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

8.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

9.      Venue and personal jurisdiction in this District are proper because all of the conduct at issue concerns the sale of water by the City of Chicago and took place within this District.

## PARTIES

10.     Plaintiffs are individuals who reside in the Northern District of Illinois.

11.     Defendant City of Chicago is a municipal corporation with offices at 121 N. LaSalle St., Chicago, IL 60602.

12.     Defendant LBG&S is a law firm organized as a limited liability partnership organized under Texas law with its headquarters in Texas. It does business in Cook County and has an office at 233 S. Wacker Drive, Suite 4030, Chicago, Illinois, for the purpose of handling its business from the City of Chicago.

13.     LBG&S is engaged in the collection of amounts due from individuals and others to municipal entities. Some of the amounts represent fines and penalties imposed by law and claims for torts committed against the City.

14.     Others are allegedly owed on account of consensual transactions in which the

municipal entities sell goods and services, such as water and medical care.

15.    LBG&S has a web site on which its states that it provides "Professional Collection Services by Licensed Attorneys." (https://www.lgbs.com/)

## FACTS

16.    Beginning no later than November 1, 2008, and continuing to the present, LBG&S has had a contract with the City of Chicago to collect various sums allegedly owed the City.

17.    Pursuant to this contract, LBG&S has collected water bills allegedly owed to the City.

18.    The City of Chicago is subject to statutes of limitation when it sells goods and services that could also be sold by private sellers.

19.    The City of Chicago is not subject to statutes of limitation, unless expressly provided, when it acts in a law enforcement capacity, such as when it levies fines for ordinance violations.

20.    It is common knowledge, and widely publicized (Exhibits C-D) that the City of Chicago attempts to collect ancient fines.

21.    LBG&S collects ancient fines on behalf of the City of Chicago.

22.    Unsophisticated consumers are not aware of which City of Chicago debts are subject to statutes of limitation and which are not.

23.    In the case of the sale of water, the applicable statute is the four year statute for the sale of goods in the Uniform Commercial Code, 810 ILCS 5/2-275.

24.    Section 2-725 provides: "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. . . ."

25.    On or about Jan. 22, 2019, LBG&S sent plaintiffs the letter attached as Exhibit A.

26.    Exhibit A sought to collect an amount allegedly owed for water service to plaintiffs' former residence at 5555 W. Cortland, Chicago, Illinois. Plaintiffs formerly owned

this residence and sold it in May of 2002. They have not lived there since that time. When the property was sold, there was no indication of unpaid water bills.

27.     In the City of Chicago, water is metered in some cases.  If premises are not metered, bills are based on factors representing estimated consumption, such as size of the premises and plumbing fixtures.  (Exhibit B)

28.     Upon inquiry, plaintiffs determined that the alleged water bill was about 18 years old.

29.     Plaintiffs believe that they paid the water bill and that the claimed indebtedness does not exist.

30.     On information and belief, the alleged water bills primarily consist of unconscionable and excessive fees and fines.

31.     Exhibit A does not disclose:

      a.     The age of the debt or date of the transactions involved;

      b.     That the debt is time-barred; or

      c.     That any payment on the debt will make the debt collectible.

32.     Because many amounts owed to the City of Chicago are not subject to statutes of limitation, unsophisticated consumers are likely to assume that the City has the right to collect any amount it claims it is owed, regardless of age.

33.     Although Exhibit A states that it is not a threat of a lawsuit, it is entitled "Notice of Debt" and purports to be made under authority of the City of Chicago.

34.     It is common knowledge that the City of Chicago files lawsuits to collect debts, as  well as brings administrative proceedings and obtains administrative judgments.

35.     It is the policy and practice of defendants to:

      a.     Collect time-barred debts.

      b.     Not disclose the fact that they are time-barred.

36.     It is the policy and practice of defendants, when seeking to collect time-barred

debts, to not disclose the dates of the transactions giving rise to the debts.

37.     The Federal Trade Commission has determined  that  "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm)   The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission)  v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

38.     On October 1, 2012,  the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were time-barred.  2012-CFPB-0002; 2012-CFPB-0003; 2012-CFPB-0004.   The orders require that "the Bank shall continue to provide disclosures  concerning the expiration of the Bank's litigation rights when collecting debt that is barred by the applicable state statutes of limitations . . . ."  (2012-CFPB-0002, p. 6 of 35, 2012-CFPB-0003, p. 5 of 28).

39.     On January 30, 2013, the FTC issued its report, *The Structure and Practices of the Debt Buying Industry*, available at http://www.ftc.gov/os/2013/01/debtbuyingreport.pdf.  The report reaffirms its position in the *United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), *American Express Centurion Bank* (FDIC-12-315b, FDIC-12-316k, 2012-CFPB-0002), *American Express Bank, FSB* (2012-CFPB-0003) and *American Express Travel Company, Inc.* (2012-CFPB-0004) cases.  The report supports plaintiff's position that defendants violated the FDCPA by sending a collection letter demanding payment of a time

barred debt without disclosing that the debt was time barred.

40.     The report cites to a study (Timothy E. Goldsmith & Natalie Martin, *Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time-Barred Debts?*, 64 Consumer Fin. L.Q. Rep. 372 (2010)) that establishes the disclosure that a debt is time barred in a debt collection letter is material to the consumer.

## COUNT I – FDCPA

41.     Plaintiffs incorporate paragraphs 1-40.

42.     This claim is against LGB&S.

43.     Defendant engaged in deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), and 1692e(10), by dunning consumers on time-barred water bills without disclosure of that fact.

44.     Section 1692e provides:

> **§ 1692e.     False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)     The false representation of--**
>
> **(A)     the character, amount, or legal status of any debt; . . .**
>
> **(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

45.     Plaintiffs bring this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

46.     The class consists of (a) all individuals (b) to whom LBG&S sent a letter seeking to collect a water bill (c) allegedly owed to the City of Chicago (d) which bill was allegedly incurred more than 4 years prior to the date the letter was sent, (e) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 21 days after

-6-

the filing of this action.

47.     On information and belief, the class includes more than 40 persons, and is so numerous that joinder of all members is not practicable.

48.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

      a.     Whether defendant engages in a practice of attempting to collect time-barred water bills in a misleading manner;

      b.     Whether such practice violates the FDCPA.

49.     Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories

50.     Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in class actions and FDCPA litigation.

51.     A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.     Individual actions are not economically feasible.

      b.     Members of the class are likely to be unaware of their rights;

      c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and the class members and against defendant for:

      i.     Statutory damages;

      ii.     Actual damages, including all amounts collected on time-barred debts;

      iii.     Attorney's fees, litigation expenses and costs of suit;

      iv.     Such other and further relief as the Court deems proper.

## COUNT II – DECLARATORY AND INJUNCTIVE RELIEF TO DETERMINE RIGHTS UNDER CONTRACTS OF SALE

52.     Plaintiffs incorporate paragraphs 1-40.

53.     This claim is against both defendants.

54.     There is a controversy between the parties as to whether defendants have the right to collect old water bills without disclosing their age or that they are beyond the statute of limitations.

55.     It is appropriate to bring an action for declaratory relief to establish a defense against a claim which the declaratory defendant may assert.   *Public Service Commission v. Wycoff Co.,* 344 U.S. 237, 248 (1952).

56.     Declaratory and injunctive relief is necessary to prevent defendants from continuing to obtain money through deceptive and unfair circumstances.

## CLASS ALLEGATIONS

57.     Plaintiffs bring this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

58.     The class consists of (a) all individuals (b) to whom LBG&S sent a letter seeking to collect a water bill (c) allegedly owed to the City of Chicago (d) which bill was allegedly incurred more than 4 years prior to the date the letter was sent, (e) which letter was sent at any time during a period beginning 5 years prior to the filing of this action and ending 21 days after the filing of this action.

59.     On information and belief, the class includes more than 40 persons, and is so numerous that joinder of all members is not practicable.

60.     There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members.  The predominant common questions are whether defendants' attempts to collect time-barred debts.

61.     Plaintiffs' claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

62.     Plaintiffs will fairly and adequately represent the class members.  Plaintiffs have retained counsel experienced in class actions.

63.     A class action is superior for the fair and efficient adjudication of this matter, in that:

    a.      Individual actions are not economically feasible.

    b.      Members of the class are likely to be unaware of their rights;

WHEREFORE, the Court should enter judgment in favor of plaintiffs and the class and against defendants:

    i.      Declaring that the purported debts are time-barred;

    ii.     Requiring defendants to disclose the date of service on all communications attempting to collect water bills that are more than 4 years old;

    iii.    Requiring defendants to disclose, with respect to all communications attempting to collect water bills that are more than 4 years old, that the addressee cannot be sued because the statute of limitations has expired, and that payment of part of the debt may make it again possible to sue;

    iv.      For actual damages;

    v.      For costs of suit;

    vi.     For such other and further relief as the Court deems proper.


                                             */s/ Daniel A. Edelman*
                                             Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Mary Frances Charlton
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

 Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


     */s/ Daniel A. Edelman*
     Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
  & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
T:\35953\Pleading\Complaint DAE_Pleading.WPD

-10-

<u>**CERTIFICATE OF SERVICE**</u>

I, Daniel A. Edelman, hereby certify that April 15, 2019, I caused a true and accurate copy of the foregoing document to be filed via the courts CM/ECF online system, which sent notice via email to all counsel of record.

<u>/s/ Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Mary F. Charlton
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)